```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
In re                                    :
                                         :
APPLIEDTHEORY CORPORATION, et al.        :
                                         :
           Debtor.                       :
                                         :  05 CIV. 10183 (DLC)
---------------------------------------  :
                                         :
OFFICIAL COMMITTEE OF UNSECURED          :     OPINION & ORDER
CREDITORS OF APPLIEDTHEORY CORPORATION,  :
                                         :
           APPELLANT,                    :
                                         :
     -v-                                 :
                                         :
HALIFAX FUND, L.P., PALLADIN PARTNERS    :
I, LP, PALLADIN OVERSEAS FUND LTD.,      :
DeAM CONVERTIBLE ARBITRAGE FUND, LTD.,   :
SPECTRUM INVESTMENTS PARTNERS, LP,       :
ELLIOT INTERNATIONAL, LP, and ELLIOTT    :
ASSOCIATES, LP,                          :
                                         :
           APPELLEES.                    :
                                         :
----------------------------------------X
```

Appearances:

For Appellants Official Committee of
Unsecured Creditors of AppliedTheory
Corporation:

Andrew Silfen
Schuyler Carroll
Leah Eisenberg
Heike Vogel
Arent Fox PLLC
1675 Broadway
New York, NY 10019

For Appellees Palladain Overseas Fund,
Ltd., Halifax Fund, L.P., Palladin
Partners I, L.P., Deam Convertible
Arbitrage Fund, Ltd., Spectrum
Investment Partners, LP, Elliott
International, L.P. and Elliott
Associates, L.P.:

Kirk Brett
Mary Miras

Duval & Stachenfeld LLP
300 East 42nd Street, Third Floor
New York, NY 10017

David Parker
Kleinberg, Kaplan, Wolff & Cohen P.C.
551 Fifth Avenue
New York, NY 10176

DENISE COTE, District Judge:

This bankruptcy appeal raises the question of whether a creditor's committee may bring an equitable subordination claim without first receiving court approval. It may not. The ruling of the Bankruptcy Court is affirmed.

Background

The debtors in this action are AppliedTheory Corporation and related entities ("Debtors"). On April 17, 2002, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101 et seq. The Debtors initially continued to operate their businesses as debtors and debtors-in-possession. Within six weeks of filing for bankruptcy the Debtors sold most of their assets.

The Official Committee for Unsecured Creditors ("Committee") was appointed on April 29, 2002. On December 23, 2002, the Committee filed a motion seeking authority to commence an adversary proceeding against certain parties including The Palladin Group, L.P., and Elliot Associates, who are referred to as the Lenders ("Authority Motion"). The Authority Motion contained a proposed complaint that asserted, inter alia, claims for voidable preference, fraudulent conveyance, equitable subordination, and aiding and abetting breach of fiduciary duty.

The Debtors moved to convert the bankruptcy to Chapter 7. The Committee objected to conversion and moved for appointment of

2

a Chapter 11 trustee.  On July 30, 2003, the Bankruptcy Court directed the appointment of a Chapter 11 trustee.  The trustee was appointed on August 6 ("Trustee").

In April 2004, the Committee renewed its Authority Motion.  The Committee submitted a proposed amended complaint which included an equitable subordination claim.  On April 23 the Bankruptcy Court denied the motion.  The Committee did not appeal.

On August 3, 2004, the Trustee issued a report ("Report") reviewing the potential claims against the Lenders suggested by the Committee.  The Report concluded that there was an insufficient basis to assert all but one of the claims identified by the Committee.  The Trustee brought the single claim deemed to have merit, a claim for fraudulent conveyance.  Ultimately, summary judgment was entered against the Trustee on that claim.

On August 5, 2005, the Lenders filed a motion seeking an order clarifying or limiting the scope of the Committee's authority to engage in litigation against the Lenders.  On October 11, the Bankruptcy Court entered an Order Granting Lenders' Motion to Clarify Or Limit The Scope Of The Committee's Authority to Engage in Litigation ("Authority Order").  The Authority Order held that the Trustee "would ordinarily" be the proper party to bring the claim and that the Committee required court approval before it could assert the claim.  After finding that the claim would be brought on behalf of all general unsecured creditors, would seek to redress injuries allegedly inflicted upon the Debtors and their creditors generally, and that it would not be directed toward any particularized injury suffered by any specific creditor, or any allegedly wrongful conduct by the Lenders directed to any specific creditor, the Order held that the Trustee "has the sole and exclusive right to

3

assert" the claim. As already noted, the Trustee had previously declined to assert the claim because he found it lacked merit. The Committee filed a timely Notice of Appeal of the Authority Order on October 20, 2005.

## Discussion

District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a), and may "affirm, modify, or reverse a bankruptcy judge's judgment, order or decree." Fed R. Bankr. P. 8013. The bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous," but a bankruptcy court's determination of the law is review de novo. Id.; see In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999).

Section 1102 of the Bankruptcy Code authorizes the appointment of committees, including a committee of unsecured creditors. 11 U.S.C. § 1102. The powers of a committee provided under the Bankruptcy Code are limited and include the power to hire attorneys, to investigate the debtor, to participate in the formulation of a plan of reorganization and to "perform such other services as are in the interest of those represented." Id. at § 1102-03. Committees are not expressly given the power to initiate litigation, however, the Bankruptcy Code provides that they "may raise and may appear and be heard on any issue in a case under this chapter." Id. at § 1109.

The powers explicitly granted to committees under the Bankruptcy Code have been read to support a "qualified right for creditors' committees to initiate suit" but this right is contingent upon the committee obtaining "the approval of the bankruptcy court." In re STN Enters., 779 F.2d 901, 904 (2d Cir. 1985). The right to bring suit may be exercised in a limited set

4

of situations, including when the trustee or "debtor in possession unreasonably fails to bring suit" and "where the trustee or debtor in possession consents." In re Commodore Intern. Ltd., 262 F.3d 96, 100 (2d Cir. 2001). In determining whether to allow a committee to bring litigation the bankruptcy court considers two factors: 1) whether the claim is colorable and 2) whether the claim is "likely to benefit the reorganization estate." STN, 779 F.3d at 905. These two factors, which were introduced by the Second Circuit in STN Enterprises, 779 F.2d at 901, are referred to as the STN factors.

In response to the Lenders' August 2005 motion, the Bankruptcy Court analyzed the STN factors and concluded that it would not approve a suit by the Committee. The Committee does not contest the findings of fact that underlie the Bankruptcy Court's application of the STN factors. Instead, the Committee contends that the STN factors should not have been applied at all because those factors only apply to "derivative" claims, and not a claim for equitable subordination, which it classifies as a "direct" claim.

Equitable subordination is a judge-made doctrine that predates Congress's revision of the Bankruptcy Code. United States v. Nolan, 517 U.S. 535, 538 (1996). The purpose of equitable subordination is to undo wrongdoing by an individual creditor in the interest of the other creditors. See In re Lockwood, 14 B.R. 374, 380-81 (Bankr. E.D.N.Y. 1981)("The fundamental aim of equitable subordination is to undo or offset any inequality in the claim position of a creditor that will produce injustice or unfairness to other creditors in terms of bankruptcy results."). It affects the order in which creditors will be paid. Id. at 381. Given equitable subordination's purpose, many courts have concluded that where a trustee has been

5

appointed, it is the proper party to raise claims of equitable subordination.  See e.g. In re KDI Holdings, Inc., 277 B.R. 493, 507 (Bankr. S.D.N.Y. 1999); Lockwood, 14 B.R. at 381.[1]  Those courts that have allowed creditors to bring claims for equitable subordination, have done so where an individual creditor sought to bring the equitable claim for its own benefit.[2]  See In re Vitreous Steels Prods. Co., 911 F.2d 1223, 1231 (7th Cir. 1990); In re Hoffinger Indus., 327 B.R. 389, 394 (Bankr. E.D.Ark. 2005).

The Bankruptcy Court has already made factual determinations in the Authority Order that the Committee's equitable subordination claim would seek to redress injuries "allegedly inflicted upon the Debtors and their creditors generally" and that any claim "would not be directed toward any particularized injury suffered by any creditor."  Those factual determinations were not clearly erroneous, and are not even challenged on appeal.  Because the equitable subordination claim could have properly been brought by the trustee, it was appropriate for the Bankruptcy Court to apply the STN factors.  In any event, the Committee was required to obtain approval from the Bankruptcy Court before bringing any litigation, and in addressing such an

---

[1] In an unpublished opinion, the Second Circuit relied on KRI and Lockwood in concluding that a debtor lacked standing to bring an action for equitable subordination and noted that the "purpose of equitable subordination is to remedy wrongdoing by one creditor, in the interests of the remaining creditors."  In re Ricitelli, 14 Fed.Appx. 57, 58 (2d Cir. 2001) (unpublished table decision).

[2] The appellants point to Citicorp Venture Capital, Ltd. v. Committee of Creditors Holding Unsecured Claims, 323 F.3d 228 (3d Cir. 2003), as an example of a creditor committee pursuing a claim of equitable subordination without receiving court approval.  Citicorp does not address the issue of the committee's standing or whether the committee sought or received approval from either the court or from the debtor before bringing suit. See Citicorp, 323 F.3d at 231.

application a bankruptcy court must apply the STN factors. For these two separate and independent reasons, the Bankruptcy Court did not err in applying the STN factors to the issue of the Committee's right to bring an equitable subordination claim.

## Conclusion

The Bankruptcy Court's October 11, 2005 Order is affirmed. The appeal is dismissed.

SO ORDERED:

Dated: New York, New York
June 22, 2006

_____
DENISE COTE
United States District Judge